NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EXELTIS USA, INC., a New Jersey corporation,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>FIRST DATABANK, INC., a Missouri corporation,<br><br>          Defendant-Appellant. | No. 18-15001<br><br>D.C. No. 4:17-cv-04810-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted August 15, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and LEFKOW,[**] District Judge.

Defendant First Databank, Inc., appeals from the district court's denial of its

motion under California's anti-SLAPP statute to strike the state-law claims in the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

original complaint filed by plaintiff Exeltis USA, Inc. ("Exeltis"). We have jurisdiction under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. We dismiss the appeal as moot.

Exeltis is a manufacturer of prenatal vitamins. First Databank compiles information on a variety of health products in a database that pharmacies and insurers use to facilitate automated, point-of-sale determinations about whether products are covered by public and private insurance plans.

In May 2017, First Databank announced a proposal to change the way it describes prenatal vitamins in its database. Exeltis sued under the federal Lanham Act and various California causes of action, generally alleging that First Databank's proposed description would falsely characterize Exeltis's prenatal vitamins and mislead users of the database. First Databank filed a motion to strike Exeltis's complaint under California's anti-SLAPP statute, which we have held applies in federal courts sitting in diversity jurisdiction, as here. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999). The district court denied First Databank's anti-SLAPP motion and First Databank took an interlocutory appeal, as permitted under the anti-SLAPP statute and *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003), *superseded by statute in other part as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017).

After First Databank filed a notice of appeal, Exeltis moved in the district court for leave to amend its complaint based, at least in part, on First Databank's decision to revise its proposed description of Exeltis's prenatal vitamins. First Databank initially opposed Exeltis's motion for leave but later withdrew its opposition, and the amended complaint was filed. The amended complaint is not in the record before us, but the parties inform us that it contains the same claims as did the original complaint, albeit with certain different factual allegations.

As a general rule, "an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). We have applied that rule—in an unpublished disposition—to hold that the filing of an amended complaint mooted the appeal of the denial of an anti-SLAPP motion to strike on the ground that we could order no effective relief. *Liberi v. Defend Our Freedoms Founds., Inc.*, 509 F. App'x 595, 596 (9th Cir. 2013). We do so again here.

First Databank argues that we could order effective relief in this case because the proposed change challenged in the original complaint is similar to that challenged in the amended complaint, such that we could decide whether First Databank's proposed changes constitute speech protected by the First Amendment, or are not misleading. But the original complaint is a nullity. Expressing our views on the claims in the original complaint would be expressing views on "abstract

propositions of law"—in other words, issuing the type of advisory opinion that the Supreme Court has long prohibited. *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam).

Finally, Exeltis argues that First Databank has forfeited its right to file a renewed anti-SLAPP motion in response to Exeltis's amended complaint. But First Databank has not yet attempted to file such a motion and thus that issue is not before us. We express no views on it.

**DISMISSED.**